BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
MARK S. EISEN (SBN 289009)
meisen@beneschlaw.com
333 West Wacker Drive, Suite 1900
Chicago, IL 60606
Telephone:  312.212.4949
Facsimile:   312.767.9192

Attorneys for Defendant CVS Pharmacy, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KAYLA REED, an individual,<br><br>                          Plaintiff,<br><br>        v.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; and DOES 1-10, inclusive,<br><br>                          Defendants. | Case No. _____17-3877_____<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant CVS Pharmacy, Inc. hereby gives notice of removal of this action from the Superior Court of California in and for the County of Ventura to the United States District Court for the Central District of California, Western Division (the "Notice of Removal"). In support thereof, CVS respectfully states as follows.

## I.     THE STATE COURT ACTION

1.      On April 24, 2017, Plaintiff Kayla Reed initiated this civil action against CVS by filing a complaint in the Superior Court of California in and for the County of Ventura captioned *Kayla Reed v. CVS Pharmacy, Inc. and Does 1–10*, case no. 56-2017-00495549-CU-MC-VTA (the "State Court Action"). A copy of the complaint in the State Court Action is attached hereto as Exhibit 1.

2.  CVS was served with a copy of the Summons and Complaint in the State Court Action on May 1, 2017. A copy of Plaintiff's Summons and proof of service is attached hereto as Exhibit 2. This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b)(1).

3.  In her Complaint, Plaintiff contends that the CVS website and mobile application (the "App") are not fully accessible and usable by the visually impaired, who rely on screen-reading and other similar technology to access websites and mobile applications. (*See* Ex. 1, Compl. ¶¶ 2, 3, 21–29.) Plaintiff further contends that the CVS website and App's supposed inaccessibility to the visually impaired violates California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.* (*See id.*, ¶¶ 4, 5, 36–49.)

4.  Through her Complaint, Plaintiff seeks (i) an award of statutory damages of $4,000 per violation; (ii) pre-judgment interest; (iii) injunctive relief "requiring Defendant to take necessary steps to make [its website and App] readily accessible to and usable by blind and visually-impaired individuals"; and (iv) attorneys' fees, expenses, and costs. (*Id.* at Prayer for Relief.)

## II.   REMOVAL IS PROPER

5.  Under the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6.  Here, removal is proper because this Court would have original jurisdiction over Plaintiff's claims on the basis of both federal question and diversity jurisdiction.

1
2

**A.    The Court Has Federal-Question Jurisdiction Over Plaintiff's Claims.**

3    7.    Under 28 U.S.C. § 1331, the district courts have federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

8.    The Supreme Court has found cases to "aris[e] under" federal law in two situations. "Most directly, and most often, federal jurisdiction attaches when federal law creates the cause of action asserted." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 136 S. Ct. 1562, 1569 (2016). "But even when 'a claim finds its origins' in state law, there is 'a special and small category of cases in which arising under jurisdiction still lies.'" *Id.* (quoting *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013)).

9.    "As [the] Court has explained, a federal court has jurisdiction of a state-law claim if it 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance' of federal and state power." *Id.* at 1670 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 125 S.Ct. 2363, 2369 (2005).

10.    Here, resolution of Plaintiff's claims will involve the resolution of disputed issues of federal law, including whether the Americans with Disabilities Act ("ADA") regulates websites and mobile applications and, if so, what accessibility standards govern and whether CVS complied with them.  (*See* Ex. 1, Compl. ¶ 17 (asserting that "[t]hrough Section 508 of the Rehabilitation Act, the federal government also promulgated website accessibility standards"), ¶¶ 40, 46 (asserting Unruh Act claims predicated on ADA violations).) *See also Robles v. Dominos Pizza LLC*, No. 16-cv-6599, 2017 WL 1330216 (C.D. Cal. Mar. 20,

2017) (staying on primary jurisdiction grounds case alleging that pizza company's website and mobile app violated Unruh Act and ADA).[1]

**B.      The Court has Diversity Jurisdiction Over Plaintiff's Claims.**

11.    Under 28 U.S.C. § 1332, the district courts have original jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and cost and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

12.    Plaintiff states that she is a citizen of California. (Ex. 1, Compl. ¶ 8.)

13.    CVS, as noted correctly in the complaint, is a corporation existing under the laws of the State of Rhode Island, with its principal place of business located in Woonsocket, Rhode Island. (*Id.*, ¶ 11.)

14.    Although the Complaint names "Does 1-10, inclusive" as Defendants, (*id.* ¶ 12), "the citizenship of defendants sued under fictitious names [is] disregarded" in the removal analysis. 28 U.S.C. § 1441(b)(1).

15.    As to the amount in controversy, the object of this litigation is injunctive relief "requiring Defendant to take the steps necessary to make [the CVS website and App] readily accessible to and usable by blind and visually[] impaired individuals." (*Id.* ¶¶ 30–35, Prayer for Relief.)

16.    "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (internal quotations and citation omitted); *see also Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) ("This amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.").

---

[1]    The plaintiff in *Robles* was represented by the same counsel as Plaintiff Reed here.

17.    As detailed in the accompanying Declaration of John Barron, attached as Exhibit 3, re-designing the CVS website and App to comply with the relief Plaintiff seeks would cost CVS at least $2 million. (Ex. 3, Barron Decl. ¶ 4.)

18.    Plaintiff also seeks statutory damages of $4,000 for each alleged violation of the Unruh Act, as well as attorneys' fees and costs. (Ex. 1, Compl., at Prayer for Relief.) In an attempt to avoid this Court's jurisdiction, Plaintiff specifically "limits the amount of money that Plaintiff presently seeks to recover in this action to less than $75,000, such that the maximum amount of recovery shall not exceed $74,999.00." (*Id.* at ¶¶ 43, 49.)

19.    The multi-million-dollar cost of compliance for CVS and the $74,999 in damages and attorneys' fees sought by Plaintiff combine to be well in excess of the $75,000 jurisdictional minimum for diversity cases. Accordingly, removal is proper under § 1441.

## III.    ALL PROCEDURAL REQUIREMENTS ARE SATISFIED.

20.    CVS was served on May 1, 2017. (*See* Ex. 2.) This Notice of Removal has thus been filed within thirty days of receipt of the summons and complaint by CVS, and is therefore timely under 28 U.S.C. § 1446(b)(1).

21.    A copy of the Notice of Filing and Notice of Removal, attached hereto as Exhibit 4, will timely be filed with the clerk of the Superior Court of California in and for the County of Ventura, and served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

22.    Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings, and orders received by CVS in the State Court Action (other than the summons and complaint) is attached hereto as Exhibit 5.

23.    Venue is proper in this Court under 28 U.S.C. § 1446(a) because it is the district court of the United States for the district and division within which the action is pending.

24.    Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1441, and the claims may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

**WHEREFORE**, CVS Pharmacy, Inc. hereby removes this civil action to this Court.

Dated:  May 23, 2017

CVS PHARMACY, INC.,

By:  s/ Mark S. Eisen
_____

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
Mark S. Eisen (SBN289009)
meisen@beneschlaw.com
333 West Wacker Drive, Suite 1900
Chicago, IL 60606
Telephone:   312.212.4949
Facsimile:    312.767.9192

Attorneys for Defendant CVS Pharmacy, Inc.

NOTICE OF REMOVAL

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing was filed with the Clerk of the Court and that copies of the foregoing were sent by first-class U.S. mail, postage prepaid, on May 23, 2017, addressed to the following parties:

Joseph R. Manning, Jr., Esq.
Michael J. Manning, Esq.
Caitlin J. Scott, Esq.
MANNING LAW, APC
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660

*Attorneys for Plaintiff Kayla Reed*

s/ Mark S. Eisen