Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Tristan P. Jankowski, Esq. (State Bar No. 290301)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff
KAYLA REED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KAYLA REED, an individual,<br><br>                    Plaintiff,<br><br>    v.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No.: 2:17-cv-3877 MWF (SKx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Date: August 14, 2017**<br>**Time: 10:00 a.m.**<br>**Hon. Michael W. Fitzgerald** |

    NOW COME Plaintiff KAYLA REED ("Plaintiff") and Defendant CVS PHARMACY, INC. ("Defendant" or "CVS") (collectively referred to as "the Parties"), by and through the undersigned counsel and hereby respectfully submit the instant Joint Rule 26(f) Scheduling Report.

**B.    Statements Of The Case**

    Plaintiff: Defendant, which maintains places of accommodation, offers a website, www.cvs.com ("Website") and an iPhone mobile application ("App"), that are heavily integrated with Defendant's places of public accommodation and is a

gateway to Defendant's stores. Defendant violates the basic mandate of the ADA, and therefore the Unruh Act (Cal. Civ. Code § 51 et al.) because its website and app are not functional for Plaintiff to independently, fully and equally access, and it denies Plaintiff access to goods and services offered at Defendant's physical places of public accommodation. *See National Federation of the Blind v. Target Corp.*, 452 F. Supp. 2d 946 (N.D. Cal.2006)("Target"); 42 U.S.C. § 12181 et seq. and the California Civil Code § 51.In its Motion to Dismiss (ECF #7) Defendant has asked the Court to treat this case as an architectural barrier case that must be dismissed because there is no applicable technical guideline to follow and the application of the ADA here would offend due process; this argument is contrary to controlling authority. *See Fortyune v. City of Lomita*, 766 F.3d 1098(9th Cir. 2014); Hearing before the House Subcommittee, 106th Cong., 2d Sess. 65-010 (2000) ("It is the opinion of the Department of Justice currently that the accessibility requirements of the Americans with Disabilities Act already apply to private Internet Web sites and services."); 75 Fed. Reg. 43460-01 (July 6, 2010); Department of Justice ("DOJ") *Statement of Interest in National Ass 'n of the Deaf et al. v. Harvard University, et al*, Civil Action No. 3:15-cv-30023-MGM  [ECF #33] (D. Mass. case filed 2/12/15) at p. 11 (DOJ urged the court to "reject Harvard's attempt to convert a clear-cut ADA claim into something dependent on future rulemaking" and to reject primary jurisdiction argument to stay.). Counsel for Defendant cannot cite any website ADA case anywhere where he has prevailed with these arguments. See *Guillermo Robles v. Dominos Pizza LLC* 2:16-cv-06599-SJOFFM (Dismissed without Prejudice, March 20, 2017)(Notice of Appeal filed on April 12, 2017; holding websites governed by ADA, declining to grant summary judgment, misapplying fair notice doctrine to support dismissal without prejudice on primary jurisdiction grounds).

There is nothing unique about this case, federal courts have resolved effective communication claims under the ADA in a wide variety of contexts—including

cases involving allegations of unequal access to goods, benefits and services provided through websites. See e.g., *Gorecki v. Hobby Lobby Stores, Inc.* Case No. 2:17-cv-01131-JFW-SK (C.D. Cal. 2017)(Order Denying Motion to Dismiss on due process and primary jurisdiction grounds and distinguishing *Dominos* above)(June 15, 2017) (ECF #47)("Hobby Lobby Order");  *Juan Carlos Gil v. Winn-Dixie Stores, Inc.*, Civil Action No. 16-23020-Civ-Scola (S.D. FL, June 13, 2017) (ECF #63)("Winn-Dixie Order")(Judgment for blind plaintiff in website accessibility case after two day bench trial ordering injunctive relief including compliance with WCAG 2.0 Criteria)

      <u>Defendant</u>:  Plaintiff fails to allege (i) facts to support that CVS's website or mobile application ever impacted her access to CVS physical locations or (ii) any conceivable website accessibility standard that CVS purportedly violated.  Instead of factual allegations, Plaintiff's boilerplate allegations are simply copied and pasted from her counsel's prior website accessibility cases (dozens of which have flooded the Central District over the last year).  In the absence of factual allegations and governing legal standards, Plaintiff pursues this action on the amorphous theory that she was deprived of full enjoyment for failure to abide by an accessibility standard of her (to be determined) choosing.

      Plaintiff contends that the Department of Justice has long held that the ADA applies to websites.  This is not the issue, and CVS ***does not*** contest this fact for purposes of its motion to dismiss.  Rather, and apart from Plaintiff's basic pleading deficiencies, CVS contends that it cannot be held liable for violating standards that simply do not exist (in fact, were never even alleged).  The DOJ has not yet put in place governing standards for website accessibility, nor has it ever indicated in persuasive or controlling documents what that standard is.  To that end, Plaintiff relies entirely on various unofficial, private accessibility guidelines.  Strangely, Plaintiff declines to argue that any one of these guidelines (i) is the guideline CVS

should adopt or (ii) is the guideline the DOJ would adopt.  To that end, Plaintiff's claims are akin to a breach of contract case that fails to allege (i) contractual terms and (ii) how those terms were breached.

Holding CVS liable for violating non-existent legal standards is problematic for two reasons.  First, it violates CVS's due process rights.  Indeed, as Judge Otero recently held in an identical case (also brought by Plaintiff's counsel), permitting a lawsuit based on non-governmental guidelines, without the DOJ's "meaningful guidance . . . flies in the face of due process."  *Robles v. Dominos Pizza LLC*, No. CV1606599SJOSPX, 2017 WL 1330216, at *5 (C.D. Cal. Mar. 20, 2017).  It is longstanding law that due process requires that persons be able to "know what is prohibited," let alone what is sufficient.  *Foti v. City of Menlo Park*, 146 F.3d 629, 638 (9th Cir. 1998).  Without a governing standard, CVS is at the whim of a Plaintiff choosing whatever standard *she* finds preferable.  This concern is highlighted by the fact that even if CVS chose one accessibility standard, Plaintiff would still be bringing this lawsuit if it were not the standard she favored.

Second, allowing this suit to proceed will require this Court to create its very own binding website accessibility standards.  Right now, there is simply no rule or standard for this Court to apply without creating its own, which may conflict with the standard the DOJ eventually adopts.  This is exactly why this Court should dismiss this case and defer to the primary jurisdiction of the DOJ.  *Robles*, 2017 WL 1330216, at *8 ("Such regulations and technical assistance are necessary for the Court to determine what obligations a regulated individual or institution must abide by in order to comply with Title III.").  It would be fundamentally unfair to permit this case to proceed without a governing legal standard and fundamentally impractical for this Court to get into the business of drafting accessibility guidelines.

**B.     Subject Matter Jurisdiction**

On May 23, 2017, Defendant removed this action from the Superior Court of California, County of Ventura on the basis that Plaintiff's single cause of action for violation of the Unruh Act, Cal. Civ. Code § 51, confers to the Court subject-matter jurisdiction under 28 U.S. C. § 1331 because "resolution of Plaintiff's claims will involve the resolution of federal law, including whether the ADA regulates websites and mobile applications." (See Notice of Removal at 3.)(ECF #1) Plaintiff disputes that the California cause of action alone confers federal subject-matter jurisdiction. Defendant further removed this action on the basis that the Court has diversity jurisdiction under 28 U.S. C. § 1441 because the parties are diverse and the cost complying with the injunctive relief Plaintiff requests would exceed $75,000. (See Notice of Removal at 4-5)(ECF #1). Plaintiff does not dispute that the Court has diversity jurisdiction over this action if Defendant's claimed costs of complying with Plaintiff's requested injunctive relief of at least $2 million is accurate.

**C.     Legal Issues**

Plaintiff: In addition to the legal issues identified by the Parties' Statements of the Case above, the remaining legal issues in this case stem from a question whether the inaccessibility of Defendant's website by Plaintiff, a blind individual, violates the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.* and therefore also the Unruh Civil Rights Act, California Civil Code § 51 *et seq.* A determination of this issue will depend on several legal inquiries: (1) whether Defendant's website can be considered a place of public accommodation pursuant to 42 U.S.C. § 12182(a); (2) if not, whether there is a sufficient nexus between www.cvs.comand Defendant's mobile app and Defendant's store locations; (3) whether www.cvs.comand Defendant's mobile app are a service, facility, privilege, advantage, and/or accommodation of Defendant's store locations; and (4) based thereon, whether Plaintiff is entitled to damages.  Some of these issues are explored

in Defendant's pending motion to dismiss and Plaintiff's opposition to same.

Defendant: There are four key legal issues in this case (assuming Plaintiff can meet the requirements of Rule 8). First, whether holding CVS liable for violating non-existent website accessibility standards violates its due process rights. *See, e.g.*, *United States v. AMC Entm't, Inc*., 549 F.3d 760, 768 (9th Cir. 2008). Second, whether Plaintiff was actually impeded in her use of CVS's physical locations. Third, whether CVS's website and mobile application provides full and equal access (when measured against whatever accessibility standard this Court adopts). And fourth, whether CVS's alternative means of access (*i.e.*, the CVS 1-800 number) satisfies CVS's obligations under the ADA. *Robles* 2017 WL 1330216, at *6.

## D.  Parties, Evidence, Etc.

Plaintiff: The Parties include Plaintiff Kayla Reed and CVS PHARMACY, INC. The Parties do not expect any additional parties to be added at this time. Expected witnesses include Plaintiff, Plaintiff's witnesses regarding the alleged inability to fully and equally access the services offered by Defendant on the CVS website and mobile app, the person(s) most knowledgeable for Defendant regarding its design, maintenance, and accessibility of www.cvs.com and the mobile app, and the Parties' respective experts. Expected key documents/evidence include electronically stored data for the Parties related to Plaintiff's use of www.cvs.com and the mobile app, and Defendant's design, maintenance and accessibility of www.cvs.com and the mobile app.

Defendant: CVS Pharmacy, Inc. is the only relevant defendant. CVS's expected witnesses include Plaintiff, third-party witnesses that can attest to Plaintiff's use of CVS.com and the mobile application and at least one expert witness. Expected evidence includes, but is not limited to, documentation pertaining to Plaintiff's use of the CVS.com website and mobile application, any electronic devices through which Plaintiff accessed CVS.com and the mobile application,

Plaintiff's use of screen reading technology and evidence pertaining to whether and how Plaintiff was recruited by her counsel,

**E.      Damages**

Under the Unruh Civil Rights Act and the California Disabled Persons Act, a plaintiff is entitled to two types of damages: (1) actual damages and (2) a penalty assessment. Cal. Civ. Code §52(a). "The statute lists actual damages and statutory damages as two separate categories of damages that a plaintiff may recover." *Botosan v. Paul McNally Realty*, 216F.3d 827, 835 (9th Cir. 2000). The penalty assessment can be "no less than$4,000" under the Unruh Civil Rights Act (Cal. Civ. § 52(a)) and no less than$1,000 under the California Disabled Persons Act (Cal. Civ. § 54.3(a)). A plaintiff's damages are measured at $4,000 plus actual damages for each offense. A prevailing plaintiff may petition for attorneys' fees under the fee-shifting provisions of the Unruh Act, see Cal. Civ. Code § 52(a).

**F.      Insurance**

The Parties are unaware of insurance coverage applicable to this action.

**G.      Motions**

Plaintiff: Plaintiff does not anticipate other motions other than dispositive motions.

Defendant:  CVS anticipates, if this case moves past the pending Motion to Dismiss, a motion to stay this action pending resolution of the *Robles v. Dominos Pizza* appeal before the Ninth Circuit, which will present identical issues of law as are raised in CVS's motion to dismiss.  CVS also anticipates, if this case moves forward, a dispositive motion.

**H.      Manual for Complex Litigation**

This is not a complex case and the Manual for Complex Litigation is not necessary.

**I.    Status of Discovery**

Plaintiff:  The parties have engaged in limited settlement discussions prior to Defendant filing its pending motion to dismiss.  Plaintiff has initiated written discovery.

Defendant:  CVS has not received any written discovery from Plaintiff.  CVS contends that discovery should be stayed pending its Motion to Dismiss, which raises numerous deficiencies in Plaintiff's complaint, including significant due process concerns.  The discovery Plaintiff will seek—including highly technical information concerning CVS's website and mobile application—will be very expensive to produce, and thus discovery should be held in abeyance until it can be determined if this case is moving forward.  Should CVS's Motion to Dismiss be denied, CVS proposes that initial disclosures be submitted within seven days of the date of this Court's ruling.

**J.    Discovery Plan**

Plaintiff: Based on the proposed trial date, Plaintiff proposes the following: Initial Disclosures September 4, 2017 with a deadline to amend the pleadings of September 25, 2017.

Plaintiff will conduct written discovery and depose Defendant's person most knowledgeable on the following topics pursuant to FRCP 30(b)(6):

1. Defendant's operation of places of public accommodation;
2. Defendant's ownership of the website, www.cvs.com, referenced in the Complaint for this action;
3. Defendant's ownership of the mobile app, referenced in the Complaint for this action;
4. The design of www.cvs.com;
5. The design of Defendant's mobile app;
6. The accessibility of www.cvs.com by visually-impaired individuals using

screen-reading software to access content;

7. The accessibility of Defendant's mobile app by visually-impaired individuals using screen-reading software to access content;

8. Defendant's compliance with the ADA in making its website accessible to all users;

9. Defendant's compliance with the ADA in making its mobile app accessible to all users;

10. Training provided by Defendant on web design and accessibility for disabled users of www.cvs.com;

11. Training provided by Defendant on web design and accessibility for disabled users of the mobile app

12. Complaints about www.cvs.com's accessibility to the visually impaired;

13. Complaints about Defendant's mobile app's accessibility to the visually impaired;

14. Government investigations of www.cvs.com  and Defendant's mobile app;

15.  All actions taken by Defendant to make www.cvs.comand Defendant's mobile app accessible to visually-impaired users.

To this end, Plaintiff will serve written Interrogatories and Document Requests upon Defendant.   Plaintiff also anticipates taking the deposition of Defendant's person most knowledgeable as well as the deposition of other potential witnesses.

Defendant: CVS proposes that discovery be stayed until this Court rules on the pending Motion to Dismiss.  CVS further proposes that, if CVS's Motion to Dismiss is denied, the parties exchange 26(a)(1) disclosures within seven days of the Court's order.

Should this case proceed past the Motion to Dismiss, CVS will conduct depositions and written discovery.  Specifically, CVS will depose Plaintiff and any

third-parties that have witnessed Plaintiff's alleged access of CVS.com and the CVS mobile application. CVS will also issue written discovery to Plaintiff concerning topics including, but not limited to, her alleged use of CVS.com and the mobile application, her use of website and mobile application accessibility technology, her prior litigation and whether and how she was recruited by her counsel. Defendant may also conduct expert discovery regarding website accessibility standards and compliance therewith.

**K.   Discovery Cut-Off**

Plaintiff:  January 22, 2018

Defendant:  June 4, 2018*

(*CVS contends that permitting a longer case management schedule would be beneficial in this case to permit time for the Ninth Circuit to rule in the *Robles v. Dominos* appeal, should this Court find that staying this case in the interim is not warranted, given the fundamental impact the *Robles* decision will have on this case).

**L.   Expert Discovery**

Initial:        Plaintiff: November 20, 2017; Defendant: April 9, 2018

Rebuttal:   Plaintiff: January 15, 2018; Defendant: May 7, 2018

Cutoff:      Plaintiff: February 26, 2018; Defendant: June 4, 2018

**M.   Dispositive Motions**

The Parties anticipate filing motions for summary judgment or, in the alternative, motions for summary adjudication on the issues depending on what is revealed in discovery.

Plaintiff: The legal issues in this case stem from a question whether the inaccessibility of Defendant's website by Plaintiff, a blind individual, violates the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.* and the Unruh Civil Rights Act, California Civil Code § 51 *et seq.* A determination of this issue will depend on several legal inquiries: (1) whether Defendant's website and app can

be considered a place of public accommodation pursuant to 42 U.S.C. § 12182(a); (2) if not, whether there is a sufficient nexus between www.cvs.com and Defendant's mobile app, and Defendant's store locations; (3) whether www.cvs.com and Defendant's mobile app are a service, facility, privilege, advantage, and/or accommodation of Defendant's store locations; and (4) based thereon, whether Plaintiff is entitled to damages.

Defendant: CVS anticipates dispositive motions as to whether Plaintiff was actually impeded in her use of CVS's physical locations, whether CVS's website and mobile application provides full and equal access and whether CVS's alternative means of access (*i.e.*, the CVS 1-800 number) satisfies CVS's obligations under the ADA.

**N.   Settlement/Alternative Dispute Resolution (ADR)**

Plaintiff: In the event that this matter is not expeditiously resolved, Plaintiff selects ADR Procedure No. 2 as the settlement mechanism under Local Rule 16-15.4.  ADR Procedure No. 2 states, "[t]he parties shall appear before a neutral selected from the Court's Mediation Panel."

Defendant:  CVS believes that ADR Procedure No. 3 would be appropriate if this case proceeds past the Motion to Dismiss.

**O.   Trial Estimate**

Plaintiff: The trial is expected to take four (4) to seven (7) trial days. Plaintiff anticipates calling three witnesses.

Defendant:  CVS anticipates a trial would take no more than four trial days. Defendant anticipates calling three witnesses.

**P.   Trial Counsel**

Trial counsel for Plaintiff shall be Joseph R. Manning, Jr, Michael J. Manning, and Tristan P. Jankowski of Manning Law, APC.

Trial counsel for Defendant shall be Mark S. Eisen and David S. Almeida (*pro*

*hac vice* to be filed) of Benesch, Friedlander, Coplan & Aronoff, LLP.

**Q.**   **<u>Independent Expert or Master</u>**

The Parties do not anticipate the need for an Independent Expert or Master.

**R.**   **<u>Timetable</u>**

Timetable is attached as Exhibit A.

**S.**   **<u>Other Issues</u>**

None at this time.

Dated: July 31, 2017          **MANNING LAW, APC**

By: _/s/ Joseph R. Manning Jr._
    Joseph R. Manning Jr., Esq.
    Attorneys for Plaintiff

Dated: July 31, 2017

By: _/s/Mark S. Eisen_

    Attorneys for Defendant,

## <u>Certification Pursuant to Local Rule 5-4.3.4(a)(2)(i)</u>

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Joseph R. Manning, Jr., hereby do attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


Dated: July 31, 2017            **MANNING LAW, APC**

                                By:  /s/ *Joseph R. Manning Jr., Esq.*
                                    Joseph R. Manning Jr., Esq.
                                    Attorneys for Plaintiff