UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-3877-MWF (SKx)                    Date:  October 3, 2017
Title:    Kayla Reed -*v.*- CVS Pharmacy, Inc.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

          Deputy Clerk:                            Court Reporter:
          Rita Sanchez                             Not Reported

          Attorneys Present for Plaintiff:         Attorneys Present for Defendant:
          None Present                             None Present

**Proceedings (In Chambers):**   ORDER RE MOTION TO DISMISS [7]

Before the Court is Defendant CVS Pharmacy, Inc.'s ("CVS") Motion to Dismiss (the "Motion"), filed June 6, 2017. (Docket No. 7). On July 24, 2017, Plaintiff Kayla Reed filed her Opposition to the Motion. (Docket No. 11). CVS replied on July 31, 2017. (Docket No. 14). The Court has read and considered the papers filed on the Motion and held a hearing on **August 14, 2017**.

For the reasons set forth below, the Motion is **DENIED**. In sum, the parade of horribles that CVS relies on to contend that Plaintiff's claim cannot be sustained and/or violates due process and/or should trigger invocation of the primary jurisdiction doctrine simply are not yet at issue in this stage of the litigation. Contrary to CVS' assertions in the briefing, Plaintiff has ***not*** argued that CVS must abide by specific nongovernmental guidelines in constructing is website and mobile app. Rather, Plaintiff merely contends that as ***currently constructed***, CVS' online offerings violate the plain language requirements of the ADA. These allegations are sufficient on a motion to dismiss.

## I.     BACKGROUND

On a motion to dismiss, the Court assumes the facts alleged in the complaint are true and construes any inferences arising from those facts in the light most favorable to the plaintiff. *See, e.g.*, *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a

---
**CIVIL MINUTES—GENERAL**                                                   1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 17-3877-MWF (SKx) | Date:  October 3, 2017 |
| Title:      Kayla Reed -*v.*- CVS Pharmacy, Inc. | |

plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff" (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009)).  The Court thus accepts the following facts as true:

   Plaintiff is a woman who is visually impaired, to the extent that she requires a screen-reading software to interact with content on the internet.  (Complaint (Docket No. 1-1)).  Plaintiff typically uses two screen-reading programs to browse the internet.  The first, installed on her laptop, is called Jobs Access With Speech, or "JAWS."  (*Id.* ¶ 15).  The second, which Plaintiff uses on her phone, is Apple's VoiceOver software, which is pre-installed on all of Apple's products.  (*Id.* ¶ 16).

   CVS is a chain of retail pharmacy stores that operates nationwide.  (Compl. ¶ 11).  As a supplement to its brick-and-mortar stores, CVS offers a commercial website and mobile app.  (*Id.* ¶¶ 18–19).  The website allows customers to find information about store locations, the products available online and in specific store locations, purchase goods, access special offers and obtain information about coupons, and purchase gift cards, along with various other unspecified services.  (*Id.* ¶ 18).  The mobile app offers much the same suite of services.  (*Id.* ¶ 19).

   At least once in 2016 and once in 2017, Plaintiff visited CVS's website and mobile app, using JAWS and Apple VoiceOver.  (Compl. ¶¶ 24, 27).  Plaintiff was unable to fully access the website and app's offerings, however, due to a number of access barriers.  (*Id.* ¶¶ 22, 28).  For example, Plaintiff was unable to use the "find a location" page on the CVS website because the edit field is not labeled clearly, contains a cursor trap that redirects the screen reader to the bottom of the results list, and contains several unlabeled buttons and links.  (*Id.* ¶ 23).  Similarly, Plaintiff was unable to ascertain what products CVS offered for sale on the mobile app due to numerous unlabeled buttons and unlabeled links.  (*Id.* ¶ 28).  As a result of these barriers, among others, Plaintiff was deterred on a regular basis from accessing the website or mobile app, and thus impeded from full and equal enjoyment of the goods and services offered at CVS's physical locations.  (*Id.* ¶¶ 25, 29).

   Plaintiff now challenges CVS' website and mobile app under California's Unruh Civil Rights Act (the "Unruh Act").  California Civil Code §§ 51 *et seq.*

---

**CIVIL MINUTES—GENERAL**                                        2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 17-3877-MWF (SKx) | Date:  October 3, 2017 |
| Title:      Kayla Reed -*v.*- CVS Pharmacy, Inc. | |

## II.    LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . .'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Properties*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). Where the facts as pleaded in the complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-3877-MWF (SKx)            Date: October 3, 2017
Title:       Kayla Reed -*v.*- CVS Pharmacy, Inc.

allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Properties*, 751 F.3d at 996–97; *see also Somers*, 729 F.3d at 960.

### III. DISCUSSION

Because a violation of the Americans with Disabilities Act ("ADA") is also a violation of the Unruh Act, *see* California Civil Code section 51(f), the Court begins by considering whether Plaintiff has adequately pled a violation of the ADA.

#### A. The Americans with Disabilities Act's Requirements for Internet Accessibility

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The Ninth Circuit has explained that the phrase "place of public accommodation" refers to a physical place. *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000) (concluding that places of public accommodation are "actual, physical places"). CVS does not dispute that it is a place of public accommodation under the statute — nor can it. *See* 42 U.S.C. § 12181(7)(E) (defining a place of public accommodation to include any "sales . . . establishment"); 28 C.F.R. § 36.104 (same).

The requirement that a place of public accommodation refer to a physical place, however, does not preclude a plaintiff from challenging a business' online offerings. So long as there is a "nexus" — that is, "some connection between the good or service complained of and an actual physical place" — a plaintiff may challenge the digital offerings of an otherwise physical business. *Id.* at 1114. In other words, the ADA "applies to the services of a place of public accommodation, not services *in* a place of public accommodation. To limit the ADA to discrimination in the provision of

---

**CIVIL MINUTES—GENERAL**            4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 17-3877-MWF (SKx) | **Date:** October 3, 2017 |
| **Title:** | Kayla Reed -*v.*- CVS Pharmacy, Inc. | |

services occurring on the premises of a public accommodation would contradict the plain language of the statute." *Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 953 (N.D. Cal. 2006) (emphasis added) (citing, *inter alia*, *Weyer*, 198 F.3d at 1115 (holding that "whatever goods or services the place provides, it cannot discriminate on the basis of disability in providing enjoyment of those goods and services")).

At the hearing, CVS emphasized its view, also expressed in the papers, that Plaintiff has failed to plead plausibly a "nexus" between its online offerings and its physical space. This argument is unavailing. Plaintiff specifically pleaded that she was unable to access the store locator feature on CVS' website, meaning she was deprived of a service available to sighted people, and which would have enabled her more easily to access one of CVS' physical locations. Moreover, Plaintiff pleaded that she was unable to browse CVS' products on the mobile app, meaning that unlike sighted customers she was unable to determine in advance whether a particular location offered the product or service she sought. These allegations are sufficiently specific, and the inferences the Court may draw therefrom sufficiently plausible, to show that the barriers encountered by Plaintiff were related to CVS' physical space. Plaintiff has met her burden under *Twombly* and *Iqbal*.

The ADA defines "discrimination" to include any denial of the opportunity for a person with disabilities "to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of" a retail store like CVS, or the offering of separate and unequal services. 42 U.S.C. § 12182(b)(1)(A)(i)–(iii). The ADA thus places the burden on retail establishments to provide auxiliary aids and services to assist people with disabilities in accessing the facility, "unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the goods, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." *Id.* § 12182(b)(2)(A)(iii). In its implementing regulations, the Department of Justice has explained that places of public accommodation are required to "furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1); *see also* Nondiscrimination on the Basis of Disability by Public Accommodations and in

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 17-3877-MWF (SKx) | **Date:** October 3, 2017 |
| **Title:** Kayla Reed -*v.*- CVS Pharmacy, Inc. | |

Commercial Facilities, 56 Fed. Reg. 35544 (July 26, 1991) (emphasizing that "public accommodations must take steps necessary to ensure that an individual with a disability will not be excluded, denied services, segregated or otherwise treated differently from other individuals because of the use of inappropriate or ineffective auxiliary aids").

Specifically, the regulations define the term "auxiliary aids and services" to include "screen reader software" among "other effective methods of making visually delivered materials available to individuals who are blind or have low vision . . . ." 28 C.F.R. § 36.303(b)(2). The regulations emphasize that while no specific auxiliary aid or service is required in any given situation, whatever auxiliary aid or service the public accommodation chooses to provide must be effective. *See* 56 Fed. Reg. 35544 ("A public accommodation can choose among various alternatives as long as the result is effective communication.").

Under the foregoing framework, Plaintiff has pled adequately a violation of the ADA, and thus has pled adequately a violation of the Unruh Act. Plaintiff alleges that she was denied access to a service that CVS, a place of public accommodation, provides — namely, Plaintiff alleges that she was denied full and equal access to CVS' website and mobile app. CVS presumably offers these services, at least in part, because they aid individuals in interacting with the goods and services it offers at its brick and mortar locations. But, according to the Complaint, CVS has not made this service available equally to people with vision impairments. People with vision impairments are not offered, for example, any alternative store locator service, or any alternative service for determining whether a particular item is in stock in a particular store. Therefore, the Complaint plausibly pleads that CVS is a place of public accommodation that discriminates against individuals with disabilities. No more is required at this stage in the litigation.

### B. Due Process

CVS contends that, even if Plaintiff has pled a violation of the ADA, finding such a violation in this action would violate due process; "[d]ue process requires that the government provide citizens and other actors with sufficient notice as to what

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 17-3877-MWF (SKx) | Date:  October 3, 2017 |
| Title:     Kayla Reed -*v.*- CVS Pharmacy, Inc. | |

behavior complies with the law" and here, in CVS' view, there are no clear standards regarding what accessibility standards should govern the design of CVS' website and mobile app.  (Mot. at 15–16) (quoting *United States v. AMC Entm't, Inc.*, 549 F.3d 760, 678 (9th Cir. 2008)).  Essentially, CVS contends, forcing it to comply with the Web Content Accessibility Guidelines of the Web Accessibility Initiative of the World Wide Web Consortium, when no DOJ guidelines or other official papers require as much, would violate CVS' right to have advance notice as to how it should construct its website to comply with the ADA.

     CVS' argument puts the cart before the horse, and fundamentally misconstrues Plaintiff's Complaint.  The Complaint does not mention the Web Content Accessibility Guidelines once.  Nor does the Complaint allege that CVS otherwise violated the ADA by failing to meet any other extra-governmental set of guidelines.  Rather, the Complaint alleges that, as currently built, CVS' website and mobile app are inaccessible to people with visual impairments because it is not compatible with two of the most common screen reading software programs available.  Therefore, whether or not CVS's digital offerings must comply with the Web Content Accessibility Guidelines, or any other set of noncompulsory guidelines, is a question of *remedy*, not liability.  *C.f.*, *Target Corp.*, 452 F. Supp. 2d at 956 (evaluating whether a website containing a phone number for people with visual impairments to call upon accessing the website was sufficient under the ADA, and concluding that "the flexibility to provide reasonable accommodation is an affirmative defense and not an appropriate basis upon which to dismiss the action").

     CVS contends that *AMC Entertainment* supports its due process argument.  In that case, a person with disabilities challenged the movie chain's seating arrangements under the applicable federal regulations.  *See* 549 F.3d at 770.  The Ninth Circuit concluded that the earliest AMC could have had notice of its obligations under the federal regulations was the date a particular amicus curiae brief had been filed by the DOJ.  *Id.*

     *AMC* is not relevant to this action, however, because the DOJ has made it abundantly clear that websites fall under Title III's requirements, so long as they meet

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 17-3877-MWF (SKx) | Date: October 3, 2017 |
| Title: Kayla Reed -*v.*- CVS Pharmacy, Inc. | |

the nexus test, including through the filing of several amicus curiae briefs. *See, e.g.*, Advance Notice of Proposed Rulemaking, 75 Fed. Reg. 43, 464 (2010); Nondiscrimination on the Basis of Disability; Accessibility of Web Information and Services of State and Local Government Entities and Public Accommodations, 75 Fed. Reg. 43,460-01, 43,464 (July 26, 2010); *Applicability of the Americans with Disabilities Act (ADA) to Private Internet Sites: Hearing Before the Subcomm. on the Constitution of the H. Comm. on the Judiciary*, 106th Cong. 8 (2000) ("[T]he accessibility requirements of the [ADA] *already apply* to private Internet Web site and services.") (emphasis added); Settlement Agreement, *United States and edX, Inc.* (April 2, 2015); Brief for United States of America as Amicus Curiae Supporting Appellant, *Hooks v. OKbridge, Inc.*, 232 F.3d 208 (5th Cir. 2000); *see also Gorecki v. Hobby Lobby Stores, Inc.*, No. CV 17-1131-JFW(SKx), 2017 WL 2957736 at *6 (C.D. Cal. June 15, 2017) (Walter, J.) (collecting additional examples of the DOJ's position on the matter). CVS thus had sufficient notice that its website was required to be accessible, including to people with visual impairments.

Nor does another case that CVS relies on, *Robles v. Dominos Pizza LLC*, No. CV 16-06599-SJO (SPx), 2017 WL 1330216 (C.D. Cal. March 20, 2017) (Otero, J.), require a different result. In *Robles*, in opposing summary judgment the plaintiff sought "to impose on all regulated persons and entities a requirement that [Dominos Pizza] 'comply with the [Web Content Access 2.0 Guidelines]' without specifying a particular level of success criteria and without the DOJ offering meaningful guidance on this topic." *Id.* at *5–6. (Unlike CVS in this action, Dominos Pizza submitted evidence that it provided people with visual impairments with a phone number to call for help navigating the company's website. *Id.* at *1.) The court concluded that because the DOJ had declined to impose on public accommodations a requirement to adopt the Web Content Access Guidelines criteria as a standard for website accessibility, it would violate due process for the court to do so on summary judgment. *Id.* at *8.

But at this point in the litigation, as discussed above, Plaintiff does not seek to require CVS to adopt any particular set of guidelines. Plaintiff simply alleges that her difficulty accessing CVS' website and mobile app violate the ADA. Whether and how

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 17-3877-MWF (SKx) | Date:  October 3, 2017 |
| Title:     Kayla Reed -*v.*- CVS Pharmacy, Inc. | |

that violation can be remedied is an issue better suited for consideration after the Court has determined whether liability should be imposed at all.

At the hearing, CVS clarified that this lack of standards was, in its view, another basis on which to find a due process violation.  CVS' contention amounts to a request to refrain from enforcing business' obligations under the ADA until the DOJ promulgates what it deems to be specific enough guidelines, a requirement that would eviscerate the ADA.  The DOJ's position that the ADA applies to websites being clear, it is no matter that the ADA and the DOJ fail to describe exactly how any given website must be made accessible to people with visual impairments.  Indeed, this is often the case with the ADA's requirements, because the ADA and its implementing regulations are intended to give public accommodations maximum flexibility in meeting the statute's requirements.  This flexibility is a feature, not a bug, and certainly not a violation of due process.  However, it was demonstrably clear to CVS that if it chose to offer a website or mobile app in connection with its brick-and-mortar stores, those services were required to be accessible to people with disabilities, unless the requested auxiliary aids and services were too burdensome to implement.  The implementing regulations even mention screen readers as one auxiliary aid that may comply with the statute.

Accordingly, the Court concludes that CVS had sufficient notice to meet the requirements of due process.

### D.     **Primary Jurisdiction**

For much the same reasons, CVS' contention that the Court should apply the primary jurisdiction doctrine also fails.  "The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008).  It is a permissive doctrine that applies only "in a limited set of circumstances," including, "if a claim 'requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency' . . . ." *Id.* (quoting *Brown v. MCI WorldCom Network Servs.*, 277 F.3d 1166 (9th Cir. 2002)).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 17-3877-MWF (SKx) | Date:  October 3, 2017 |
| Title:     Kayla Reed -*v.*- CVS Pharmacy, Inc. | |

Although there is no "fixed formula" for applying the primary jurisdiction doctrine, the Ninth Circuit has suggested a four factor test to guide the district courts' discretion:  the doctrine applies where there is "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory scheme that (4) requires expertise or uniformity in administration."  *Davel Commc'ns, Inc. v. Qwest Corp.*, 460 F.3d 1075, 1086–87 (9th Cir. 2006) (quoting United States v. Gen. Dynamics Corp., 828 F.2d 1356, 1362 (9th Cir. 1987)).

Contrary to CVS' contentions, "Plaintiff does not ask the Court to fashion a remedy that adopts a specific technical rule.  Instead, [she] requests an order requiring [CVS] to comply with the DOJ's directive to ensure disabled individuals have as full and equal enjoyment of its website as non-disabled individuals."  *Gorecki*, 2017 WL 2957736 at *7.  As is apparent from the case law, courts in this Circuit "have resolved effective communication claims under the ADA in a wide variety of contexts—including cases involving allegations of unequal access to goods, benefits and services provided through websites."  *Id.* (citing, *inter alia*, *Target Corp.*, 452 F. Supp. 2d at 946).  A determination of liability does not necessarily require the Court to master complicated web standards, but rather asks the Court to make exactly the same sort of accessibility determinations that it regularly makes when evaluating the accessibility of physical locations.  The primary jurisdiction doctrine is thus inapposite.

### IV.     CONCLUSION

For the foregoing reasons, the Motion is **DENIED.**   CVS shall file its Answer on or before **October 23, 2017.**

IT IS SO ORDERED.